IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10117
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE JACKSON,

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CV-02425
- - - - - - - - - -

March 29, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Tyrone Jackson, federal inmate # 22998-077, appeals the district court's denial of his 28 U.S.C. § 2255 motion. Jackson alleged in his § 2255 motion that, in light of the Supreme Court's decision in see Bailey v. United States, 516 U.S. 137, 150 (1995), the evidence presented at his jury trial was insufficient to support his 1992 conviction for using or carrying a firearm during and in relation to a drug-trafficking offense, 18 U.S.C. § 924(c). Jackson does not argue on appeal that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in determining that his brandishing of a gun constituted "use" of a firearm as defined in Bailey. The gravamen of Jackson's argument is that the evidence was insufficient to prove that his use of the firearm occurred "during and in relation to" a drug trafficking offense. Because Bailey did not address the "during and in relation to" language of § 924(c), Jackson could have raised this issue on direct appeal. The district court did not err in concluding that because Jackson challenged on direct appeal the sufficiency of the evidence to support his firearms conviction, this issue has been addressed and rejected on direct appeal and, thus, could not be relitigated in a § 2255 motion. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) ("issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."

Jackson argues that his § 924(c) conviction should be vacated because the jury received an erroneous pre-Bailey instruction on "using" and therefore, the jury could have convicted him for mere possession of firearms. The district court did not address Jackson's challenge to the jury instructions; however, it is not necessary for this court to remand the case to the district court to address this issue. Because Jackson did not challenge the jury instructions at trial or on direct appeal, review of his claim is precluded unless he can demonstrate actual, factual innocence, i.e., "that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United

States, 118 S. Ct. 1604, 1611 (1998); United States v. Sorrells, 145 F.3d 744, 748-49, 754-55 (5th Cir. 1998). Jackson cannot show actual innocence because his brandishing of a gun constituted "use" of a firearm, as that term has been defined in Bailey, 516 U.S. at 148. Thus, he is procedurally barred from raising this issue for the first time in a § 2255 motion.

Jackson's remaining claims are raised for the first time in this appeal. Jackson argues that he was entitled to a "summary" judgment against the Government due to its failure to respond timely to his § 2255 motion; that the sentence imposed was harsh in light of his circumstances; that he should have been given a downward departure on his sentence due to his health problems, physical condition, and permanent disabilities; and that counsel's ineffectiveness in failing to raise these issues earlier caused him severe prejudice.

These new claims involve factual issues not presented in the district court and do not rise to the level of plain error. Thus, we do not consider them. See United States v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997); United States v. Alvarado-Saldivar, 62 F.3d 697, 700 (5th Cir. 1995); Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).

AFFIRMED.